**STATE, Plaintiff-Appellee, v. KENNEY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3763. Decided May 28, 1945.

Mayer & Mayer, Columbus, for defendant-appellant, and for the application.

Ralph J. Bartlett, Prosecuting Atty., Columbus, and Forrest F. Smith, Asst. Prosecuting Atty., Columbus, for plaintiff-appellee, and contra the application.

## OPINION

BY THE COURT:

On the 19th day of January, 1945, this Court rendered an opinion concluding "under those circumstances, there is no proper bill of exceptions before this Court presenting the errors complained of, and all the Court may do is to affirm the sentence and judgment of the Court below. Judgment affirmed."

On March 29, 1945, according to the file records in this Court the defendant-appellant filed an application for rehearing. Rule XI of this Court is as follows:

"No motion can be made or heard for rehearing. Applications for a rehearing must be made to the presiding judge **within ten days** after the decision is announced. The application must be typewritten and confined strictly to reasons for rehearing. One copy shall be sent to each judge and to each of opposing counsel. Proof of service of copies upon counsel must accompany the application.

"No reargument of the cause on such application will be permitted."

Under this rule the application for rehearing must be made to the presiding judge within ten days after the decision is announced. The application for rehearing in this case, according to the record, was more than seventy days after the announcement of the decision. Notwithstanding the violation of this rule, we consider the application upon its merits.

The appellant in support of the application urges two propositions, first, the statute, §12223-4 GC, which provides, in substance, that, after the necessary procedural steps are taken to perfect an appeal, it shall not be dismissed without notice to the appellant, "and no step required to be taken subsequent to the perfection of the appeal shall be deemed

to be jurisdictional". **Damar Realty Co. v City of Cleveland, 140 Oh St 432,** to like effect is cited. These authorities are not applicable to the action taken by the court on this appeal. We did not dismiss the appeal, but took jurisdiction and considered it. Our action was an affirmance of the judgment.

The second ground of the application cites the provisions of §11564 GC which, among other things, provides that,

"Whenever an appeal is taken on questions of law and fact and the court of appeals determines that the case cannot be heard upon the facts and no bill of exceptions has been filed in the cause, the court of appeals shall fix the time, not to exceed thirty days, for the preparation and settlement of a bill of exceptions."

Appeals in criminal cases are controlled exclusively by the criminal code, and §12223-1 GC, et seq, having reference to appeals in civil cases, do not apply to appeals in criminal causes. **State v Parnell, 56 Oh Ap 77; State v Jarcho, 65 Oh Ap 417.** These decisions would inferentially include §11564 GC.

The assignments of error filed in this Court require for their consideration and determination recourse to the testimony as found in the bill of exceptions. The bill having been filed too late under the law, no error assigned is exemplified on the record.

The application will be denied.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.